**FIREMEN'S INSURANCE COMPANY OF NEWARK, New Jersey,** Appellant,

v.

**H. G. SENSENEY,** Appellee.

No. 7514.

United States Court of Appeals Fourth Circuit.

Argued Nov. 26, 1957.

Decided Dec. 12, 1957.

---

Joseph L. Nettles, Columbia, S. C., for appellant.

George W. Keels, Florence, S. C., for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

## PER CURIAM.

This is an appeal from a judgment for plaintiff on an insurance policy covering a house of plaintiff which was damaged during the course of hurricane "Hazel" on October 15, 1954. The policy covered loss caused by "windstorm" but excluded loss caused by water "whether driven by wind or not". Plaintiff's house was damaged during the course of the hurricane as the result of another house in the neighborhood being driven against it. The question in the case is whether the other house was blown against plaintiff's house by the wind or was floated against it by the action of tidal waters driven by the wind. The case was heard without a jury by the District Judge, who found in favor of plaintiff, filing a memorandum opinion in which he said:

"It was shown, without contradiction, that the floor of plaintiff's cottage was twenty-two (22") inches above the ground. It was also shown that the wet marks on the boards in the house measured eight (8") inches in height which was evidence that the water at the site of plaintiff's cottage was only thirty (30") inches deep. It should be noted here that the engineer who testified for the defendant would not testify that the water at plaintiff's cottage ever exceeded thirty (30") inches in depth. In front of plaintiff's cottage there was a fire hydrant thirty-two (32") inches high which had not been damaged or scarred. According to pictures introduced in evidence by defendant showing the position of the Carouthers house after the storm, the fire hydrant would have to have been passed over by the Carouthers house in order to be at the point it was after the storm, to wit, against the front of plaintiff's cottage. This is a strong circumstance that the Carouthers house was not driven against plaintiff's cottage by high water or tidal water because the weight of the house would certainly have damaged or scarred this fire hydrant if it floated past it. It was shown that the concrete foundation of the Carouthers house was not disturbed and until today is intact. Had high water or tidal water driven by wind undermined the Carouthers house it seems that the concrete foundation would have been disturbed. This is a strong circumstance tending to show that water had not torn this building from its base."

There was testimony to support the contention of the insurance company; but the question involved was a pure question of fact, the trial judge saw and heard the witnesses, and there is nothing

in the record which would justify us in holding his finding to be clearly erroneous. See Glens Falls Ins. Co. v. Vestal, 4 Cir., 244 F.2d 78.

Affirmed.